IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| FRANK BOOKMAN and<br>DAVID WETHY as Trustee<br>of the Saltgrass Trust | §<br>§<br>§<br>§ | |
| VS. | § | CIVIL NO.4:12-CV-615-Y(BJ) |
| McCARTHY, HOLTHUS and<br>ACKERMAN LLP, et al. | §<br>§<br>§ | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

In this case, Plaintiffs have filed a civil case with a motion for leave to proceed *in forma pauperis*. Resolution of the motion was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b) and Miscellaneous Order No. 6.[1] The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

### FINDINGS AND CONCLUSIONS:

A. NATURE OF THE CASE

This case is a new civil action.

B. PARTIES

Frank Bookman and David Wethy, as Trustee of the Saltgrass Trust, are co-plaintiffs. The lead defendant of many is listed as McCarthy, Holthus, and Ackerman, LLP.

C. LEGAL ANALYSIS

Plaintiffs accompanied their complaint with a motion to proceed in forma pauperis under 28 U.S.C. § 1915 *et. seq.* completed only by individual defendant Frank Bookman. Although Bookman has

---

[1] Order for the Adoption of Rules for the Exercise of Powers and Performances of duties by United States Magistrate Judges, signed May 5, 2005.

filed an application to proceed in forma pauperis, plaintiff David Wethy, as Trustee of the Saltgrass Trust, has not sought to proceed in forma pauperis (IFP). In order to resolve the issue of whether the party plaintiffs may proceed in forma pauperis, the Court must have information that shows whether any of the plaintiffs, individually or collectively, can pay the applicable $350.00 filing fee.[2] Thus, although each plaintiff seeking to proceed IFP must typically file an independent motion to proceed IFP with supporting application, in this case, the Court can already make the determination to deny the IFP motion.

A review of the financial information submitted in the application/motion reflects that plaintiff Frank Bookman receives $7,000 a month from his employment and has received this amount consistently since February 1, 2011. The information in this application shows that Plaintiff Bookman has sufficient monthly income available to pay the filing fee. Thus, after review and consideration of the application/motion to proceed in forma pauperis, the undersigned finds the motion to proceed IFP should be denied, and will make such a recommendation.

---

[2]See generally Collins v. Planning Commission of the City of Madera, California, No.1:10-CV-430 AWIGSA, 2009 WL 1027456, at *1 (E.D.Ca. March 18, 2010)("Each plaintiff mus submit a separate, signed application to proceed in forma pauperis . . ."); Darden v. Indymac Bancorp, Inc., No. Civ S-09 2970 JAM DAD PS, 2009 WL 5206637, at *1 (E.D. Cal. Dec. 23, 2009)(finding that in forma pauperis applications "fail to establish that each plaintiff is unable to pay the $350.00 filing fee or that the five plaintiffs together cannot pay the $350.00 filing fee")(citations omitted).

RECOMMENDATION

It is therefore RECOMMENDED that Plaintiff Bookman's September 4, 2012 motion/application to proceed in forma pauperis [docket no. 2] be DENIED by the district judge.

It is further RECOMMENDED that the district judge inform Plaintiffs that their complaint will be subject to dismissal without further notice under Federal Rule of Civil Procedure 41(b), unless Plaintiff pays to the clerk of Court the full filing fee of $350.00 within ten (10) days after the district judge's order.

NOTICE OF RIGHT TO OBJECT TO PROPOSED
FINDINGS, CONCLUSIONS AND RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until September 27, 2012. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding and legal conclusion if it has been accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).

ORDER

Under 28 U.S.C. § 636, it is ORDERED that Plaintiffs are granted until September 27, 2012 to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge, be and is hereby, returned to the docket of the United States District Judge.

SIGNED September 7, 2012.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE